Cheshire,
No. 4735.

RAYMOND R. BLANCHARD

*v.*

GEORGE ARLEN.

Submitted June 3, 1959.

Decided July 10, 1959.

*James S. Davis* for the plaintiff, furnished no brief.

*Walter H. Gentsch* and *William D. Tribble* for the defendant, furnished no brief.

WHEELER, J. It has been held here on so many occasions that citation of authority seems unnecessary that in passing on defendant's motion for a nonsuit and directed verdict the Court must consider the evidence for the plaintiff as true and construe all the evidence most favorably to the plaintiff. The motion for a

directed verdict raised the issue of the right to it either by reason of insufficiency of the plaintiff's evidence or of conclusive proof of a good defense.

The plaintiff's evidence tended to prove the following facts: On the morning of April 9, 1957, at about 6:30 A. M., the plaintiff was a passenger in a motor vehicle proceeding toward Keene. It was snowing and the highway was slippery. The visibility was described as "hazy-like" but headlights were not required. The route took them up a steep hill which was plowed out only one lane wide. When about half way up the hill, plaintiff's driver stopped his vehicle behind a parked or stalled truck. Plaintiff decided to get out and survey the situation and proceeded to the left-hand side of the truck opposite the front door. The next he remembers is hearing a horn blow and a car coming up the hill to his rear and " . . . I turned, and he was right on me there." The plaintiff tried to get out of the way, but the right front fender of the defendant's car struck him in the back.

A passenger in the defendant's vehicle testified that as the car started up the hill she observed cars and trucks stopped about five to six hundred feet ahead and that the defendant's car started to slip a little and "he stepped on it to get up the hill" and that his speed was "kind of fast." The defendant offered no evidence.

As the defendant approached the plaintiff he could see at least three vehicles in the ditch five to six hundred feet ahead, partially obstructing the open lane. It was findable that there were other persons standing in the lane besides the plaintiff. Faced with this situation, instead of slowing down the defendant accelerated his speed to make the grade. On these facts the defendant could be found guilty of negligence which was causal. *Scahill* v. *Jabre*, 101 N. H. 263.

The defendant relied primarily on contributory negligence. The plaintiff could reasonably suppose that the defendant would exercise due care as he approached the parked vehicles and would see the plaintiff and because of the grade could readily stop or at least use due care in attempting to pass when only half of the highway was open. The Court was not required to find defendant guilty of contributory negligence as a matter of law. *Hill* v. *Company*, 96 N. H. 14.

*Judgment on the verdict.*

All concurred.